GEORGE W. JOHNSON vs. MANASSEH SMITH.

*Assault—punitive damages in ; evidence of defendant's poverty admissible.*

In case of a gross and malicious assault, the jury may, in their discretion, allow exemplary damages.

In cases where it is competent for the plaintiff to prove the wealth of the defendant to increase the damages, it is equally competent for the defendant to show a want of it, to diminish them. Nor can he be deprived of this right by the omission of the plaintiff to offer any proof on that point or make any claim for damages on that ground.

ON EXCEPTIONS.

TRESPASS *vi et armis,* for an assault committed by the defendant upon the plaintiff, on the twentieth day of June, 1873. The writ was dated June 24, 1874, and returnable to the superior court, where it was tried at the ensuing September term. The *ad damnum* was $6,000. The defendant, in June, 1873, owned two valuable dogs, one a setter, and the other a Newfoundland. The Thursday before the assault these dogs were in Deering upon the farm of the plaintiff, and worried his geese, killing two of them. Thereupon Mr. Johnson took his gun and fired at the dogs, killing the Newfoundland and wounding the other. Upon the day of the assault Mr. Smith went out from his residence in Portland to Mr. Johnson's in Deering, hunted up the plaintiff and gave him a beating, knocking out a tooth and bruising him severely. These facts were not denied by the defence.

The exceptions state that, at the trial, "the defendant offered evidence of his property and means, as bearing upon the matter of punitive damages and in mitigation thereof. The plaintiff in-

troduced no evidence tending to show that the defendant had any property whatever, and did not claim that the damages should be increased by reason of wealth or any pecuniary ability on the part of the defendant. The court excluded this evidence offered by the defendant, and he excepted."

"The defendant also requested the judge to instruct the jury, that, the assault and battery being acts for which the defendant was subject to prosecution and punishment by a criminal action or indictment, they would not be authorized in this case to allow anything as exemplary or punitive damages; which instruction the judge refused to give, but did affirmatively instruct the jury that the law says that, in a case of gross and malicious assault, the jury may, in their discretion, if they deem proper, award exemplary damages, but there is no rule of law by which the plaintiff can claim it as a legal right." The verdict was for a thousand dollars damages.

*Nathan Webb* for the defendant.

*T. H. Haskell* for the plaintiff.

DANFORTH, J. The exception to the instruction to the jury, that "the law says that in a case of gross and malicious assault, or of gross and aggravated injury, the jury may, in their discretion, if they deem proper, award exemplary damages, but there is no rule of law by which the plaintiff can claim it as a legal right," must be overruled. Such law has become so well settled in this state, even in cases where the defendant is also liable to criminal prosecution, not only by the decided cases, but also by a uniform and in point of time a somewhat extended practice in our courts, that it is now too late to disturb it, unless by legislative enactment. *Goddard* v. *Grand Trunk Railway Company*, 57 Maine, 202, and cases there cited. Besides, to allow the exception contended for, and permit the plaintiff to recover exemplary damages for injury to his property, and refuse it under similar circumstances for an injury to his person, would introduce a greater inconsistency, and render the law more unsymmetrical than is now claimed for it.

The other exception must be sustained. It does not clearly appear whether the testimony offered would have tended to show defendant's general reputation as to property or his actual condition in that respect. In either event, it should have been received, as it was pertinent to the issue. So far as the cause of action rests upon an injury to the character, or an insult to the person, compensatory damages may be increased by proof of the wealth of the defendant. This is upon the ground that wealth is an element which goes to make up his rank and influence in society, and thereby renders the injury or insult resulting from his wrongful acts the greater. *Humphries* v. *Parker*, 52 Maine, 507–8 ; 2 Greenl. on Ev., § 269. But in such cases, as it is rather the reputation for, than the possession of, wealth, which is the cause of this increased rank, the testimony must correspond, and only the general question as to his circumstances can be asked, and not the detail. *Stanwood* v. *Whitmore*, 63 Maine, 209.

But when exemplary damages are claimed, a different question is presented. The defendant's pecuniary ability is then a matter for the consideration of the jury on the ground, that a given sum would be a much greater punishment to a man of small means than to one of larger. *McBride* v. *McLaughlin*, 5 Watts, 375. Upon this point actual wealth could only be material. As bearing upon this point the testimony was offered and excluded. This took from the jury an element proper for their consideration.

It is true the plaintiff offered no proof upon this point and claimed no damages by reason of defendant's "wealth or pecuniary ability;" but if it was competent for the plaintiff to prove defendant's wealth to increase his damages, it was equally competent for the defendant to show a want of it to diminish them; and the waiving of the right by the one, is no reason why it should be taken from the other. Nor does the mere non-claim of damages on that ground, the right to punitive damages being still insisted upon, take it from the consideration of the jury. Hence the exclusion of the testimony left them in darkness where they were entitled to light. If the plaintiff really intended to admit that

the defendant was without means, the testimony could have done him no harm; but such an admission was not distinctly made, and in the absence of it, the exclusion of the testimony would be injurious to the defendant. It certainly deprived him of a legal right. *Exceptions sustained.*

APPLETON, C. J., WALTON, BARROWS and PETERS, JJ., concurred.