EDMUND F. WEBB *vs.* FRAZIER GILMAN.

Kennebec. Opinion February 11, 1888.

*Assault. Trespass. Exemplary damages. Evidence.*

In an action for a wanton, brutal and malicious assault, with a deadly weapon accompanied with threats to take the plaintiff's life, and without any provocation, exemplary damages may be allowed.

In such an action, a verdict of five thousand dollars is not excessive.

Evidence of the pecuniary ability of the defendant in such an action is admissible.

Malice is a pre-requisite in exemplary damages and may be a factor in actual damages.

Instructions stated in which the court perceived no error.

ON exceptions and motion to set aside the verdict as excessive and as being against law and evidence.

The opinion states the case.

At the trial the presiding judge, among other things, instructed the jury as follows:

"And in estimating them, it is proper that the jury should take into consideration always, all that is developed in the case, everything that there is by way of aggravation which induced the defendant to commit the assault, or what there is that tends to show malice on his part, as aggravating his assault upon the plaintiff. These are all matters which you should consider in estimating the actual damages."

The presiding judge further instructed the jury as follows:

"Then, gentlemen, there is another element in a case like this that is proper for the consideration of a jury, and that is what is termed exemplary damages, damages by way of example, damages by way of punishment of a defendant who wilfully, wantonly or maliciously commits a wrong upon another. And this element has no regard to the actual damages which the plaintiff may have suffered. It is entirely independent of it. It is one which the jury is not required as a matter of law to give damages for, but

it is one that the jury may give damages for.   In proper cases, where, from the evidence, the jury is satisfied that the assault was malicious, wilful or grossly wanton, then it is a proper case for exemplary damages, which shall teach the defendant not to repeat the offence, damages which shall say to all citizens, you must obey the law and not commit a like offence.   This is an element which especially addresses itself to your discretion."

The presiding judge further instructed the jury as follows, among other things :

" The plaintiff claims that the interview was a pleasant one. Mr. North tells you that he heard nothing to the contrary.   The defendant tells you it was, with the exception, that Webb told him that if he would not agree to sell upon terms that would be acceptible to the corporation, then they would condemn his land, that is as he understood it.   He tells you that the process under the laws would go on, for the purpose of taking and paying for the land."

" He went to the village of Eden, he called to his aid a Mr. Rice and they rode from the village of Eden, about two miles, more or less, to the point where he intercepted the plaintiff and the sheriff in their travel.   For what purpose did he call to his aid Mr. Rice, commanding him to get a whip and go with him ? Was it his purpose, then, merely to go and intercept the sheriff and the plaintiff in traveling across a lot of his land in a trail ? Why, you remember I put the question to him, if the sheriff was driving, directing the team, if he had objection to their traveling across his land, why he did not address the objection to the sheriff, and his answer, as I understood it and remember, was, in substance, that that would be a thing unknown there, to intercept a traveler merely because he was traveling in a trail across a lot of land.   Did he go there for that purpose ?"

The presiding judge further instructed the jury as follows :

" Did he go armed ?   For what purpose ?   You must judge of it.   What were his motives, what were the desires of his heart ? Why, he tells you here upon the stand, that if the plaintiff had taken one of the pistols and got out of the carriage at any distance, thirty paces or any distance from him, he would have

shot him there, with murder in his heart, ready to commit it if he could have the opportunity which he desired, and he told you in substance, that if it was what they call a fair fight, he should not apprehend much danger of punishment in that territory."

The presiding judge further instructed the jury as follows :

" But it is claimed by his counsel that damages of this character should not be allowed to the plaintiff because he was guilty of great rashness and folly in going to see the defendant at all, that actual malice had existed between the parties for years, and that the plaintiff was guilty of such indiscretion, such rashness in going to the defendant to try and make a contract with him in regard to his land, and if not to have the proper process served, that if he was beaten, if he was assaulted by the defendant, he ought not to have anything by way of exemplary damages. Well, gentlemen, I have known many cases of this character, where a defence was made to a claim for exemplary damages on the ground that the parties were friendly before the affray, and that the affray was merely the result of sudden provocation, which excited to great anger, sufficient to overthrow the reason for the moment, and that is an answer properly addressed to a jury in a case of this kind ; but I think I have never heard before a claim of a defence to this class of damages based upon the ground of actual malice existing, on the part of the defendant. for years, culminating in a trespass, in an assault."

To the foregoing instructions, and especially the instruction that the jury were authorized to find and allow exemplary damages in this case, the defendant alleged exceptions.

*Appleton Webb,* (*Baker and Cornish* with him) for the plaintiff.

Rules of court are as binding as a statute. *Maberry* v. *Morse,* 43 Maine, 176 ; *Thompson* v. *Hatch,* 3 Pick. 516 ; *Tripp* v. *Brownell,* 2 Gray, 402 ; *Witzler* v. *Collins,* 70 Maine, 290.

Evidence of defendant's rank and of the amount of his property is admissible.    2 Greenl. Ev. § 269 ; *Bennett* v. *Hyde,* 6 Conn. 27 ; *Goddard* v. *Grand Trunk Ry. Co.* 57 Maine, 202 ; *Pendleton* v. *Davis,* 1 Jones, L. (N. C.) 98 ; *Humphries* v. *Parker,* 52 Maine, 502 ; *McNamara* v. *King,* 7 Ill. 432 ;

*Hosley* v. *Brooks*, 20 Ill. 115 ; *Karney* v. *Paisley*, 13 Iowa, 89 ; *Bell* v. *Morrison*, 27 Miss. 68 ; *Shute* v. *Barrett*, 7 Pick. 82 ; *Adcock* v. *Marsh*, 8 Ired. L. 360 ; *Tillotson* v. *Cheetham*, 3 Johns. 56 ; *Huckle* v. *Money*, 2 Wils. 206 ; *Johnson* v. *Smith*, 64 Maine, 553 ; 1 Suth. Dam. 745 ; *Jones* v. *Jones*, 71 Ill. 562 ; *McCarthy* v. *Niskern*, 22 Minn. 90 ; *Winn* v. *Peckham*, 42 Wis. 493 ; *Birchard* v. *Booth*, 4 Wis. 67 ; *Barnes* v. *Martin*, 15 Wis. 24 ; *Whitefield* v. *Westbrook*, 40 Miss. 311.

Plaintiff may recover for mental anxiety, wounded sensibility, etc., and exemplary damages.    43 Maine, 163 ; *Pike* v. *Dilling*, 48 Maine, 539 ; *Fry* v. *Bennett*, 4 Duer. 258 ; *Taylor* v. *Church*, 8 N. Y. 460 ; *Day* v. *Woodworth*, 13 How. 371 ; *Taylor* v. *Grand Trunk R. Co.* 48 N. H. 304 ; S. C. 2 Am. R. 240 ; *Hoadley* v. *Watson*, 45 Vt. 289 ; *Bixby* v. *Dunlap*, 56 N. H. 456 (22 Am. R. 484) ; *Phila. W. & B. R. Co.* v. *Larkin*, 47 Md. 155 (28 Am. R. 445) ; *Borland* v. *Barrett*, 44 Am. R. 155 ; *Dibble* v. *Morris*, 26 Conn. 426 ; *Merrills* v. *Tariff M'f'g Co.* 10 Conn. 387 ; *Stowe* v. *Heywood*, 7 Allen, 123 ; *Smith* v. *Holcomb*, 99 Mass. 554 ; *Hawes* v. *Knowles*, 114 Mass. 519.

The charge required of the presiding justice is not to be tested and its correctness determined by disconnected and isolated remarks.    It must be erroneous and injurious to affect the verdict.    R. S., c. 82, § 83 ; *State* v. *Benner*, 64 Maine, 267 ; *Perkins* v. *Oxford*, 66 Maine, 545 ; *Grows* v. *Maine Cen. R. Co.* 69 Maine, 412 ; *McLellan* v. *Wheeler*, 70 Maine, 285 ; *State* v. *Benner*, 64 Maine, 291 ; *State* v. *Smith*, 65 Maine, 269 ; *Burt* v. *Merchants' Ins. Co.* 115 Mass. 16 ; *Magniac* v. *Thompson*, 7 Pet. 348 ; *Jackman* v. *Bowker*, 4 Met. 236 ; *Nason* v. *U. S.* 1 Gall. 53 ; *Eddy* v. *Gray*, 4 Allen, 435 ; *People* v. *Doyall*, 48 Cal. 85 ; *Melledge* v. *Boston Iron Co.* 5 Cush. 180 ; *Dole* v. *Thurlow*, 12 Met. 157 ; *Dodge* v. *Emerson*, 131 Mass. 469 ; *Noyes* v. *Shepherd*, 30 Maine, 173 ; *Howard* v. *Miner*, 20 Maine, 325 ; *Johnson* v. *Blackman*, 11 Conn. 342 ; *Branch* v. *Doane*, 17 Conn. 402 ; *Woodman* v. *Chesley*, 39 Maine, 45 ; *Copeland* v. *Wadleigh*, 7 Maine, 141 ; *Springer* v. *Bowdoinham*, 7 Maine, 442 ; *Pike* v. *Warren*, 15 Maine,

390; *Hathaway* v. *Crosby*, 17 Maine, 448; *Osgood* v. *Lansil*, 33 Maine, 360; *French* v. *Stanley*, 21 Maine, 512.

*L. D. Carver*, for defendant.

It is a well known rule of law governing in actions of this kind, in those states where exemplary damages are allowed, that, where the jury find the defendant was actuated by malice in committing the wrong, they may in their discretion. give such damages therefor, but are not required to do so, as a matter of law. *Johnson* v. *Smith*, 64 Maine, 553; *Goddard* v. *Grand Trunk R. R. Co.* 57 Maine, 202; *Pike* v. *Dilling*, 48 Maine, 539; Mayne, Dam. § 791; 2 Sedg. Dam. 332, and notes.

The question of malice is for the jury; and the question, whether exemplary damages are given therefor or not, is also for the jury. *Graham* v. *Pacific R. R. Co.* 66 Mo. 536; 54 Ga. 224.

And it is error to instruct the jury to give exemplary damages. *Jerome* v. *Smith*, 48 Vt. 230, 403; 33 Ill. 473; 40 Miss. 374; Field, Dam. § 76.

The same rule prevails in reference to matters in aggravation of actual damages, in those states where exemplary damages are not allowed; but all damages are awarded as a compensation to plaintiff. *Worster* v. *Canal Bridge*, 16 Pick. 541; *Bixby* v. *Dunlap*, 56 N. H. 456; *Hawes* v. *Knowles*, 114 Mass. 518; 49 Am. Rep. 366; 7 Col. 541.

Plaintiff is not entitled to exemplary damages, or damages from circumstances in aggravation of actual damages, as a matter of legal right. *Boardman* v. *Goldsmith*, 48 Vt. 403; *Snow* v. *Carpenter*, 49 Vt. 426; *Hopkins* v. *A. & St. L. R. R. Co.* 36 N. H. 9.

It is an equally well known rule in cases of tort, that if the unlawfulness of the act is admitted by defendant, or proved by testimony of witnesses, the jury are required, as a matter of law, to award the plaintiff actual damages, regardless of the intention of the defendant in committing the act. *Prentiss* v. *Shaw*, 56 Maine, 427.

Actual damages must be allowed where wrong intention is wanting; even infants and *non compotes* are liable for actual

damages.  3 Barb. (N. Y.)  647 ; *Morse* v. *Crawford*, 17 Vt.
499 ; *Bullock* v. *Babcock*, 3 Wend. 391 ; 26 Barb. 172 ; 29
Barb. 218 ; Shear. & Red. on Negl. § 557.

Mr. Mayne declares that malice may be shown.   Mayne,
Dam. § 25.

In *Childs* v. *Drake*, 2 Met. (Ky.) 146, the court says, " every
recovery for a personal injury, with or without vindictive
damages, operates in some degree as a punishment, but it is a
punishment which results from the redress of a private wrong.
The damages are allowed as a compensation for the loss sustained,
but the jury are permitted to give exemplary damages on account
of the nature of the injury.

Mr. Sedgwick lays down the broad proposition, that wherever
the elements of fraud, malice, gross negligence or oppression
mingle in the controversy, the law, instead of adhering to the
system, or even the language of compensation, adopts an entirely
different rule.   It permits vindictive or exemplary damages.
1 Sedg. on Dam. p. 39.

The term exemplary damages seems to have heretofore been
used to designate, in general, those damages only which are
incapable of any fixed rules, and lie in the discretion of the jury,
such as damages for mental anguish, or personal indignity, dis-
grace, etc., and these so far only as the sufferer is himself
affected.   *Austin* v. *Wilson*, 4 Cush. 273.

In *Churchill* v. *Watson*, 5 Day, R. 144, SMITH, Judge, says,
" In actions founded in a tort, the first object of a jury is to
remunerate a plaintiff for all the real visible damage he has
sustained ; in addition to the actual damage sustained by plaintiff
the jury are at liberty to give a further sum, called exemplary
damages.   3 Day, R. 447.

The tort is aggravated by the evil motive ; and on this rests
the rule of exemplary damages.   2 Add. on Torts, and notes, 253.

In *Prentiss* v. *Shaw*, 56 Maine, 427, Judge KENT, in speak-
ing of exemplary damages, says, " These, as our law now stands,
are made up of injuries partly private and partly public in
their nature.   They evidently and necessarily require a consid-
eration of all the facts in any way clearly and fairly connected

with the trespass, and bearing upon the motives, provocation and conduct of the parties in the controversy."

If weight of authority and decisions are of any avail, this court will find it difficult to sustain the ruling of the presiding judge on this point. *Fay* v. *Parker*, 53 N. H. 342.

The court in Indiana, discussing the two theories, compensatory and actual and exemplary damages, say, " It matters little to the offender under what form he pays damages, if he pays but once." 56 Ind. 284; 34 Am. Rep. 34; 63 Ind. 193 ; 49 Am. Rep. 366.

Mr. Sedgwick, in his work on damages, concludes that the difference between himself and his critics, who hold to the theory that all damages are compensatory, is, after all, little more than a verbal one.

That the elements to be considered in assessing exemplary damages are not the same as those considered in estimating actual damages, but are additional to and other than the elements going to make up the latter kind of damages, the following cases will show : *Prentiss* v. *Shaw*, 56 Maine, 427 ; 53 N. H. 342; 27 Am. Dec. 684; 17 Fed. Rep. 912; *Murphy* v. *Hobbs*, 49 Am. Rep. 366; Field, Dam. 26–73 ; *Hoadley* v. *Watson*, 48 Vt. 289 ; 2 Wis. 424; *Dibble* v. *Morris*, 26 Conn. 416 ; *Bixby* v. *Dunlap*, 56 N. H. 456; *Howes* v. *Knowles*, 114 Mass. 518 ; *Schindel* v. *Schindel*, 12 Md. 108 ; *Childs* v. *Drake*, 2 Met. (Ky.) 146 ; *Kimball* v. *Holmes*, 60 N. H. 163 ; *Cook* v. *Ellis*, 6 Hill, (N. Y.) 466, and cases heretofore cited.

It is maintained that the jury in such cases should not only be allowed to assess such damages as directly result from the wrong, including losses more or less remote from the injurious cause, for which a pecuniary estimate can be made, but in addition thereto, in aggravated cases, such further damages in their discretion as will furnish an example and punish the wrong doer ; that many elements, considered proper under the other theory, in estimating damages, such as suffering to the mind, the insult, the indignity and sense of wrong, arising from the nature of the wrong, and the malice of the defendant, are not really capable of any definite proof, or any certain pecuniary estimate ; that for many wrongs

there would be no punishment or compensation except such as is imposed by the jury in exemplary damages; and that, practically, the same result is attained by either method. Field on Dam. § 26; 2 Greenl. Ev. § 266; Sedg. Dam. 3d ed. appendix and notes.

The presiding justice told the jury that exemplary damages had no regard to the actual damages which the plaintiff may have suffered. This was clearly erroneous. It is conceded by all courts and law givers, in commenting upon the law of damages in torts, that all damages, actual, compensatory and exemplary, operate alike as a punishment to the defendant. *Cook* v. *Ellis*, 6 Hill, (N. Y.) 466; *Childs* v. *Drake*, 2 Met. (Ky.) 146; *Bixby* v. *Dunlap*, 56 N. H. 456; *Goddard* v. *G. T. R. R. Co.* 57 Maine, 202.

In striking contrast to the instructions in the case at bar upon this point, are the instructions of the justice at *nisi prius* in the case *Goddard* v. *Grand Trunk Ry. Co.* 57 Maine, 202.

In fixing the amount of exemplary damages, it is often given as a rule, that the jury must have regard to the extent of the wantonness or malice evinced by the defendant. Mayne on Damages, § 50, and note; *Boardman* v. *Goldsmith*, 48 Vt. 403; 2 Met. (Ky.) 146; Sed. Dam. 330, and notes.

Damages are sometimes called vindictive, exemplary or punitive, but these terms do not imply that the award of such damages is intended by law as a punishment for violation of criminal law. Such damages are not a sum awarded in addition to actual damages, and separate from it; but are the whole damages estimated by the more liberal rules which prevail in the case of a malicious wrong. Being intended for a compensation for a wrong, and not as a punishment for the violation of the criminal law, such damages are not open to the objection that they expose the defendant to a double punishment. 53 N. H. 342; 2 Cal. 54; *Cole* v. *Tucker*, 6 Texas, 266; *Etchberry* v. *Levielle*, 2 Hilt. (N. Y.) 45; Mayne, Dam. § 48; 41 Ill. 62; 48 Ill. 261.

The very term, exemplary damages, is destroyed and rendered meaningless by the elimination and exclusion therefrom of every

idea of damages and compensation for something to the plaintiff. The blending of the interests of the individual and of the public, spoken of by Mr. Sedgwick, is entirely wanting in such instructions. That some damages to the plaintiff or compensation therefor are necessary to the successful support of this branch of the case, the following cases show : 21 Howard, 202, "Reparation to plaintiff and act as an adequate punishment to defendant." 45 Vt. 289, "Given in enhancement of ordinary damages." 26 Conn. 416; 114 Mass. 518; 7 Allen, 118; 56 N. H. 456; *Prentiss* v. *Shaw*, 56 Maine, 427 ; 1 Otto, 489 ; 1 Sedg. Dam. 7th ed. p. 217, note "a ;" Field, Dam. § 25, 26, 78 and note ; 27 Am. Dec. 685, notes ; 56 Ind. 284 ; 17 Fed. Rep. 912 ; 21 Iowa, 379 ; 12 Md. 108 ; 10 Law Rep. 56 ; 1 Sedg. Dam. 58, 53 ; 48 Maine, 543.

Sedgwick declares the difference between the two theories but little more than a difference of terms used : "Every recovery, with or without vindictive damages, operates as a punishment, but it is a punishment that results from a redress of a private wrong. It is the increase of damages resulting from the nature of the offence and intention of the defendant that is denominated punitive damages." *Childs* v. *Drake*, 2 Met. (Ky.) 146.

Smart money is incidentally compensatory, and at the same time serves as a punishment. *Cook* v. *Ellis*, 6 Hill, (N. Y.) 466. In *Childs* v. *Drake*, 2 Met. (Ky.) 146, the court says, "Vindictive damages operate, it is true, by way of punishment, but they are allowed as compensatory, for the private injury complained of in the action."

The arguments against punitive damages proceed upon the erroneous assumption that such damages are inflicted by way of criminal punishment, and are not given by way of compensation for the injury complained of. They operate as a punishment, but are allowed by way of remuneration for the wrong suffered. They are proportioned to the aggravating circumstances and the reckless character of the act. 56 N. H. 456 ; 27 Am. Dec. 684 and notes ; 50 Am. Dec. 400 and notes ; 6 Hill, 466.

Punishment of defendant in a criminal action for same offence cannot be shown in mitigation of exemplary damages, because

plaintiff's wrongs and compensation therefor are involved in and make up an undivided portion of such damages. *Childs* v. *Drake*, 2 Met. (Ky.) 146.

In some jurisdictions, exemplary damages, as commonly understood even, are not allowed when the same wrong. is punishable criminally. *Austin* v. *Wilson*, 4 Cush. 273; *Humphries* v. *Johnson*, 20 Ind. 190; *Murphy* v. *Hobbs*, 7 Col. 541; 49 Am. Rep. 366; 2 Greenl. Ev. 235; 3 Parson's Contracts, 171; 1 Sutherland, Dam. 716; Field, Dam. 64.

In other jurisdictions, criminal punishment may be shown in mitigation of them. 23 Pa. St. 424; 7 Jones, (N. C ) 64; Phelps, (N. C.) 342.

The only case similar to this, or where a similar rule for exemplary damages was given, has already been referred to. *Fay* v. *Parker*, 53 N. H. 342, where exceptions were sustained against the rule given at *nisi prius*.

*Smith* v. *Bagwell*, 19 Fla. 117 (45 Am. Rep. 12) is a case where this question of double punishment was raised and the constitutional question discussed at great length, and many of the cases examined with great care.

In *Henrickson* v. *Kingsbury*, 21 Iowa, 380, the court say they are called punitive damages by way of distinction from pecuniary damages.

In *Boetcher* v. *Staples*, 27 Minn. 308, 38 Am. Rep. 295, the court say, " They are intended in some measure as a punishment upon the defendant."

In *Cole* v. *Tucker*, 6 Texas, 266, the court say, Compensatory damages are given when the injury is not tainted with fraud, malice, etc. ; but when these elements intervene, another ingredient is added to ordinary constituents, viz : The sense of wrong and insult.

In *Borland* v. *Barrett*, 76 Va. 128, 44 Am. Rep. 152, the court say, Such damages, although sometimes denominated vindictive, are in their nature compensatory as much as those given for bodily pain, loss of time and expense incurred.

In the following cases, where exemplary damages were allowed and sustained against the constitutional objection, it will be found

that they invariably had some element. of compensation to the plaintiff to sustain them, and distinguish them from a penalty. *Wilson* v. *Middleton*, 2 Cal. 54; *Voltz* v. *Blackmar*, 64 N. Y. 440 ; *Kiff* v. *Yowmans*, 20 Hun. 123 ; *Millard* v. *Brown*, 35 N. Y. 297; *Cook* v. *Ellis*, 6 Hill, 466; *Brown* v. *Swineford*, 44 Wis. 282 ; 28 Am. Rep. 582 ; *Corwan* v. *Watson*, 18 Mo. 71; *Hoadley* v. *Watson*, 45 Vt. 289; 12 Am. Rep. 197; *Smith* v. *Holcomb*, 99 Mass. 552 ; *Bixby* v. *Dunlap*, 56 N. H. 456 ; 22 Am. Rep. 475 ; *Day* v. *Woodworth*, 13 How. 363.

. In *Prentiss* v. *Shaw*, 56 Maine, 427, J. KENT says, The damages, as our law now stands, are made up of injuries partly private and partly public.

In *Pike* v. *Dilling*, 48 Maine, 539, the citations there given and the language of the court, clearly indicate that compensation for some injury to plaintiff was regarded as involved and inherent in the award of exemplary damages.

In *Goddard* v. *Grand Trunk Ry. Co.* 57 Maine, 202, the presiding justice instructed the jury to consider all the elements of damages, in estimating actual damages given in this case except the malice of defendant.

*S. S. Brown*, also for defendant; in an able argument, contended that the motion to set aside the verdict should be sustained.

HASKELL, J. Trespass *vi et armis*, tried upon the plea of not guilty, on motion for a new trial because the verdict is against law and evidence and the weight of evidence, and because the damages assessed at five thousand dollars, are excessive, and on exceptions.

I. The evidence discloses a most wanton, brutal and malicious assault upon the plaintiff by the defendant with deadly weapons, accompanied with threats to take the plaintiff's life, and without any provocation whatever.

To hold that the verdict is against law and evidence would be absurd ; and to say that it is excessive would be invading the province of the jury, no member of which is shown to have been actuated by any improper motive. It is a case where exemplary or punitive damages are clearly warranted by the evidence, and

the court cannot say the jury has awarded a sum larger than is reasonable and proper, and necessary to have that salutary effect intended by the law in such cases. *Goddard* v. *The Grand Trunk Railway Co.* 57 Maine, 202.

II. It is settled in this state, that evidence of the actual pecuniary ability of the defendant may be shown to bear upon the amount of damages, necessary in such cases to work obedience to the law and a warning to others not to commit a like offense. The evidence, therefore, admitted tending to show the number of the defendant's herd of horses and cattle was competent for that purpose. *Johnson* v. *Smith*, 64 Maine, 553.

III. The court instructed the jury that evidence, tending to show malice by the defendant as aggravating his assault upon the plaintiff, might be considered in assessing the actual damages sustained, even though exemplary or punitive damages should be added thereto.

Exemplary or punitive damages cannot be demanded as a matter of right; actual damages may be; and whatever elements make the measure for the latter cannot be withheld or excluded therefrom because the former may or may not be awarded. Malice is a pre-requisite to the former, and may be a factor in the latter. The plaintiff had a right to demand and recover his actual damages; and if the assault was premeditated and malicious, can it be said to have worked no greater injury than if it had been provoked or resulted from mistake? If one assaults another, mistaking him for an enemy who had wronged him, would the injury be as great, and the suffering as keen and intense, and continue so long after the mistake became known, as where the insult and injury must forever remain burning like a red hot cinder in the eye?

The actual injury to one's person may be the same, whether inflicted by design or accident; but the body of a man is of little moment, compared with the life that temporarily abides in it. Mental suffering may not result from bodily harm alone, but most keenly may flow from those causes tending to degrade and humiliate the spirit and self respect of a man. *James* v. *Campbell,*

5 C. & P. 362; *Meagher* v. *Driscoll*, 99 Mass. 281; *Hawes* v. *Knowles*, 114 Mass. 519.

IV.  It is settled law in this state, that exemplary damages may be allowed, in cases like the one at bar, in addition to the actual damages sustained. *Pike* v. *Dilling*, 48 Maine, 539; *Goddard* v. *Grand Trunk Railway Co.* 57 Maine, 202; *Johnson* v. *Smith*, 64 Maine, 553.

V.  The presiding justice properly reviewed the evidence, and submitted to the jury, in a pointed and appropriate manner, the various issues upon which it was their duty to pass, and the court perceives no error, either of manner or substance, in those portious of the charge excepted to.

*Motion and exceptions overruled.*

WALTON, DANFORTH, LIBBEY, EMERY and FOSTER, JJ., concurred.