STATE OF MAINE
WALDO, SS.

SUPERIOR COURT
Docket No. CV 00-009

Edward George,
        Plaintiff,

    v.

George Dale Farrar,
        Defendant.

)
)
)
)
)
)
)
)
)
)
)

**FINDINGS OF FACT
AND CONCLUSIONS OF LAW**

STATE OF MAINE
Waldo County Superior Court

JUL 10 2001

REC'D AND FILED
Joyce M. Page, Clerk

This matter arises from an incident on a narrow country road which was closed for some sort of unidentified repair. The Defendant was driving his truck along it when he encountered the interruption. It required him to back approximately one and one/half miles to a point where, on Plaintiff's land, he felt he could make a turn. He was wrong about that; hung up his truck and was involved with an assault with the Plaintiff.

Plaintiff said he was struck in the face as he looked to the side. His testimony was: "I didn't realize I was going to get struck or I wouldn't have taken my eyes off him." It was at that moment, just as he turned, that Plaintiff was struck on the right side of his face.

Defendant says he was assaulted by the Plaintiff and acted in justifiable self defense. Based on the assessment of the testimony, the Plaintiff's statement is far more credible than the Defendant and, relying on it alone, this Court would find for the Plaintiff. In <u>Horner v. Flynn</u> 334 A.2d 194 (Me. 1975) Justice Pomeroy speaking for the Maine LawCourt said at page 200: "Factfinding can never be a search for certainty. In civil cases the factfinder must necessarily decide issues by a balance of probabilities."

Applying that logic here, this Court finds for the Plaintiff on the issue of liability. This Court finds as a fact that the Defendant assaulted the Plaintiff by leaping over the part of the truck where the trailer was

engaged and striking Plaintiff in the face. Thereafter, there was a scuffle.

There are two issues of law which must be addressed with respect to exhibits which have relevance to the matter. They deal with Plaintiff's Exhibit #2 and #7. The first, Exhibit #2, are the docket entries from the District Court criminal case which arose out of this matter. Defendant objected to them on the basis of Rule 803(22) M.R. Evid. and the case of Hanover Ins. Co v Hayward, 464 A.2d 156 (Me. 1983). This Court's post trial review suggests that the Defendant's point is well taken; the docket entries have been, and are, excluded and have not been reviewed by the Court. The issue was decided finally in Pattershall v. Jenness, 485 A.2d 980 (Me. 1984).

In that case a convicted misdemeanor defendant was not found liable for civil assault. The Law Court looked at the nature of the two proceedings especially the possible states of mind. It noted that "[C]onviction for a criminal act based on reckless conduct cannot preclude litigation of civil liability for the same act premised on intentional conduct." Id, 984. See ¶¶ 2 and 3 of the Plaintiff's complaint.

To some extent the exclusion of Exhibit #2 is minimized because the Plaintiff had prepared and offered into evidence the transcript of the trial testimony before Judge Nivison. This Court withheld ruling on the matter pending further research. It appears that Rule 803(8)(A) M.R.Evid. allows admission. The evidence in the form of testimony are "statements . . . of . . . regularly recorded activities" and the judge's holding is a "factual finding resulting from an investigation made pursuant to authority granted by law." Thus Exhibit #7 is admitted.

While the Court's finding corroborates this Court's conclusion, the holding in the criminal case was based on an analysis of the evidence that even if there was an initial blow struck by Plaintiff, the actions of the Defendant while both were on the ground was an assault. The District Court did not categorize the culpable state of mind of the Defendant and it would seem that it may have applied the theory of "imperfect self defense." See 17-A M.R.S.A. § 108(3). Alternatively, Judge Nivison may have made his conclusion pursuant to 17-A M.R.S.A. §108(1)(A) or found for the Plaintiff here because the Plaintiff was a protected person within the meaning of

17-A M.R.S.A. §108 (1)(B).

As noted above, this Court accepts the Plaintiff's statement that the Defendant assaulted him without provocation and that the scuffle occurred after the initial assault. The Plaintiff's action after the entanglement were altogether proper and if he sustained further injury it is attributable to the initial encounter.

Having found that there was an assault, the question becomes damages. The evidence viewed in a light most favorable to the Plaintiff does not suggest that the damages were severe. However, the Plaintiff did incur medical expenses and was swollen and bruised. He had an immediate bleed from his mouth where he was struck by Defendant.

Plaintiff was in slight pain for a month or so; he took motrim, as needed, for pain control. Injuries affected his jaw, ribs and head. He clearly had pain and suffering as that phrase is used in Maine in trials for civil damages. The medical reports, admitted pursuant to 16 M.R.S.A. 357, confirm the Plaintiff's testimony.

The Court awards Plaintiff damages of $2,000.00 plus his medical bills of $421. Because the Court finds that the Defendant intentionally hit Plaintiff, the issue of punitive damages arises. Hanover, supra, addresses the punitive damage issues in cases of this sort. It noted that Maine law does not prevent the imposition of punitive damages where the Defendant has been punished by the criminal law. Instead, it allows them if there was a purpose to be served after the court considers the aggravating and mitigating factors as outlined on page 158.

Hanover, was decided before Tuttle v. Raymond, 494 A.2d 1353 (Me. 1985) which set new criteria for an award of punitive damages. The Law Court said: "we retain the doctrine of punitive damages at common law in Maine . . . . Tortious conduct will justify an exemplary damage award only when the plaintiff can prove by clear and convincing evidence that the defendant acted with either express or implied malice". Id, 1363-1364. "A punitive damage award must be based on tortious conduct and may be awarded only if the tortfeasor acted with malice". Haworth v Feigon, 623 A.2d 150, 159 (Me. 1993). See also Waxler v. Waxler, 699 A.2d 1161 (Me.

1997)

In the case at bar there has been no express or implied malice shown and there has been no clear and convincing evidence of conduct allowing such an award. The actions of the Defendant were intentional but were a reaction to the circumstances making his life miserable that day. The verbal acts of the Plaintiff, while no justification for an assault by the Defendant, created a dangerous situation out of one already irksome to the Defendant. The Defendant's conduct here was not so outrageous that malice can be implied.

Both men are large and appear powerful. Although the Plaintiff is older, he was not a victim of age discrimination. He was undoubtedly vigorous and verbal as he pointed out to Defendant the obvious damage Defendant had done.

Actual damages are awarded in the amount of $2000.00 plus the special damages proven of $421 together with interest and costs. The order will be: Judgment for the Plaintiff in the amount of $2,421.00 plus interests and costs. Execution may issue for $2000.00 plus interests and costs as the $421 has already been paid. The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R.Civ.P Rule 79 (a).

Dated:   July 10, 2001

_____
FRANCIS C. MARSANO
JUSTICE, SUPERIOR COURT

Date Filed **Feb. 22, 2000**  **Waldo** County  Docket No. **CV-00-009**

Action **Personal Injury Tort (Assault/Battery)**

EDWARD GEORGE  vs.  GEORGE DALE FARRAR

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Joseph M. Jabar, Esq.<br>One Center Street<br>Waterville, Maine 04901-5495<br>873-0781 | ~~George Dale Farrar, pro se~~<br>~~P.O. Box 214~~<br>~~Morrill, Maine 04952~~<br><br>Steven C. Peterson, Esq. enters 4/18/00<br>P.O. Box 330<br>West Rockport, ME 04865<br>236-8481 |

| Date of Entry | |
|---|---|
| 02/17/00 | Answer dtd. Feb. 16, 2000, filed. |
| 02/22/00 | Complaint dtd. Jan. 24, 2000, filed.<br>Summary Sheet, filed.<br>Summons dtd. Jan. 24, 2000 showing service on deft. Jan. 29, 2000, filed. |
| 02/22/00 | Case file notice to atty. Jabar. |
| 02/25/00 | Scheduling Order filed. Discovery deadline is Nov. 1, 2000. (Marsano, J. Notice of entry and copy Scheduling Order to atty. Jabar and to pro se defendant. |
| 04/18/00 | Steven C. Peterson, Esq. enters his appearance for defendant. |
| 05/19/00 | Notification of Discovery Service dtd. May 18, 2000 filed by Plff. showing service of Notice to Take Oral Deposition of George Dale Farrar served on atty., Peterson on May 18, 2000. |
| 12/15/00 | Statement of Time for Trial, filed. Two days estimated for trial. |
| 06/01/01 | Notice of setting for jury waived trial July 9, 2001 at 9:00 a.m. to attys. Jabar and Peterson. |
| 07/09/01 | (Marsano, J. Gould, Reporter<br>Plff. present in Court with Joseph M. Jabar, Esq. Deft. present in Court with Steven C. Peterson, Esq. Case goes to trial before the Court. Plff's Exhibits 1, 3, 4, 5 and 6 admitted. Plff's Exhibits 2 and 7, ruling reserved. Matter taken under advisement. |
| 07/10/01 | Judgment, Findings of Fact and Conclusions of Law signed, filed and entered. (Marsano, J.<br>Plff's Exhibit 2 excluded. Plff's Exhibit 7 admitted.<br>Judgment for the Plaintiff in the amount of $2,421.00 plus interest and costs. Execution may issue for $2000.00 plus interests and costs as the $421. has already been paid. This Judgment is incorporated into the docket by reference at the specific direction of the Court. |
| 07/10/01 | Notice of entry and copy Judgment to attys. Jabar and Peterson, and to opinion repositories. |