STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-00-115

JOHN E. LEIGHTON, SR., et al.,

Plaintiffs

v.

**JUDGEMENT**

ROBERT REICHERT,

Defendant

This is a Wrongful Death Action 18-A M.R.S.A. §2-804. Mr. Leighton is the personal representative of the estate of his late daughter, Dawn Leighton. Mr. Reichert has been convicted of her murder. York County Docket #CR-98-862. Liability has been established by default and summary judgement. A hearing on damages was conducted on November 27, 2001.

At the outset, it should be noted that it is extremely difficult to quantify monetarily the value of a human life, and particularly a life so full of both success and promise as that of Ms. Leighton. Our Legislature has established certain limits to assist in the calculation, but it remains a daunting task.

The Plaintiffs have established a total of $21,542.87 in damages for funeral expenses and expenses associated with wrapping up Ms. Leighton's financial affairs.

Maine's Wrongful Death statute imposes a $150,000.00 limit on damages for loss of consortium. As the heart-rending testimony of Ms. Leighton's parents makes clear, a full measure of damages for loss of consortium is well established.

The Leightons request punitive damages. The statute sets a $75,000.00 limit in this category. To warrant an award of punitive damages the Leightons must establish by clear and convincing evidence that Mr. Reichert acted with malice. This requirement is fully met by reference to the sentencing transcript in CR-98-862 which, by agreement, is subject to judicial notice. As counsel for the Leightons, an experienced criminal lawyer himself, remarked in closing, this was an unusually violent crime. If the only consideration were the level of violence associated with the crime, then a full measure of punitive damages would be appropriate. However, in assessing punitive damages I must consider Mr. Reichert's circumstances, including the penal sanction imposed on him as well as his financial circumstances. *Hanover Insurance Co. v. Hayward* 464 A.2d 156.

Mr. Reichert was sentenced to 45 years in prison in May, 2000. He will be over age 65 when eligible for release. He was employed as a laborer for a janitorial service prior to his incarceration. He has virtually no assets and it is highly unlikely that he will accumulate any in his lifetime. The length of sentence and lack of assets are mitigating factors. The nature of the crime is an aggravating factor. I award $50,000.00 in punitive damages. This is the full amount permitted under Maine law for Class A criminal offenses, the most serious crimes other than murder (no fines are authorized for murder) 17-A M.R.S.A. §1301 (1-A(A)). While this sum is likely beyond Mr. Reichert's ability to respond, anything less would diminish the gravity of the offense and fail to recognize the magnitude of the loss suffered by the Leighton family and the larger community.

The entry will be as follows:

> On Plaintiffs' Complaint, judgement for Plaintiffs in the sum of $171,542.87 in compensatory damages and $50,000.00 in punitive damages, along with costs and interest as permitted by statute.

Dated:     November 28, 2001

G. Arthur Brennan
Justice, Superior Court

PLAINTIFFS:  Joel Vincent, Esq.
             80 Exchange St   Suite 32
             Portland Me 04101

DEFENDANT:  PRO SE
            Inmate - Maine State Prison
            Box A
            Thomaston Me  04861-0500