## TOKASH *v.* STATE OF INDIANA

[No. 29,013. Filed December 8, 1953.]

*James C. Cooper*, Public Defender, and *Richard M. Givan*, Deputy Public Defender, for appellant.

*Edwin K. Steers*, Attorney General, and *Carl Franceschini*, Deputy Attorney General, for appellee.

EMMERT, J.—This is a delayed appeal wherein the appellant is represented by the Public Defender of this State. We are of the opinion that the appellant was denied adequate representation by competent counsel in

violation of §13 of Article 1 of the Constitution of Indiana.

The intrinsic record of the trial court is sufficient to reverse this judgment. It discloses that on October 31, 1950, before the regular presiding judge, the State filed an affidavit charging appellant with burglary in the second degree. A bench warrant was ordered, and bond fixed in the penal sum of $10,000. On November 24, 1950, a judge *pro tempore* of this court, who was later appointed to represent appellant as a pauper, set appellant's arraignment for December 7, 1950. On December 7, 1950, the same judge *pro tempore* made the following entry:

"Comes now the State of Indiana by its Prosecuting Attorney and comes also the defendant in his own proper person, without counsel, in open court, and the defendant informs the Court that he has no money, property or other means with which to employ counsel.

"This cause is now by the Court continued for further proceedings until further setting."

On December 29, 1950, the same judge *pro tempore* acting as the court, set the cause for trial for January 11, 1951. When this trial date was reached, the regular judge had resumed jurisdiction, and the court then appointed as pauper counsel for appellant, the lawyer who had been acting as judge *pro tempore*. Thereupon, a trial was had and concluded, and the court found appellant guilty as charged and entered judgment thereon.

On February 9, 1951, the appellant, who was then confined in the Indiana State Prison, *pro se*, filed his motion for new trial. No other entry was made until December 7, 1951, when the regular judge set a hearing on the motion for new trial for December 14, 1951. However, on December 14, 1951, appellant's counsel in the trial court, was again judge *pro tempore*, and he,

acting for the court, continued the hearing on the motion for a new trial. On March 28, 1952, the regular presiding judge was again on the bench, on which date the motion for a new trial was overruled. On June 19, 1952, the regular judge denied appellant's petition for the appointment of counsel to prosecute an appeal and for a transcript at public expense.

Although the Canons of Ethics of the American Bar Association do not have the authority of Indiana statutes or decisions of our courts of review, they are evidence of proper standards of conduct for the legal profession. *Hunter* v. *Troup* (1925), 315 Ill. 293, 146 N. E. 321; 7 C. S. J. 742, §23. It is fundamental that one who has been an attorney for a litigant should not thereafter act as judge in any part of the same controversy. The converse is also true, and "A lawyer should not accept employment as an advocate in any matter upon the merits of which he has previously acted in a judicial capacity." Canon 36, Canons of Professional Ethics of the American Bar Association.

We have often held that the right to counsel under the Indiana Constitution guarantees an accused the right to counsel at every stage of the proceedings against him. *Dearing* v. *State* (1951), 229 Ind. 131, 95 N. E. 2d 832; *Campbell* v. *State* (1951), 229 Ind. 198, 96 N. E. 2d 876; *State ex rel. White* v. *Hilgemann, Judge* (1941), 218 Ind. 572, 34 N. E. 2d 129, and authorities cited in each case. See also Right To Counsel In Indiana, 26 Ind. L. Jl. p. 234. Apparently, appellant's counsel, when he was acting as judge *pro tempore,* on December 7, 1950, did make some inquiry about counsel, but the record fails to show the court informed appellant of his right to counsel then if he so desired. Appellant was charged with a serious

felony, and his bond was high. His trial was being delayed by a judge who later became his pauper counsel. In his motion for new trial, appellant tried, without benefit of counsel, to present the dereliction of his counsel. Judicial inaction which fails to protect constitutional rights of an accused may be as serious as affirmative action which denies such rights. *Powell* v. *Alabama* (1932), 287 U. S. 45, 53 S. Ct. 55, 77 L. Ed 158, 84 A. L. R. 527.

Judgment reversed.

NOTE.—Reported in 115 N. E. 2d 745.