BELL ET AL. v. CONNER.

[No. 668S93. Filed November 8, 1968.]

*Donald G. Bell,* Vincennes, *Vance M. Waggoner,* Rushville, *Alan T. Nolan,* Indianapolis, *Robert Y. Keegan,* Fort Wayne, and *Frank E. Tolbert,* Logansport, members of the Disciplinary Commission.

*Palmer K. Ward,* Indianapolis, for respondent.

ORIGINAL ACTION.

PER CURIAM.—This is an original disciplinary action instituted by the filing of an information for the revocation or suspension of admission to practice law by members of the disciplinary commission, appointed by the Supreme Court of Indiana, pursuant to Rule 3-21 of said court.

The information charges the respondent with specific acts alleged to constitute violations of his professional obligations and asks that his license to practice law be revoked. Thereafter, the respondent filed his answer, admitting the specifications of borrowing money from his client, which has not been repaid and for which confessed unpaid judgment is outstanding. His answer denied all other specifications.

A commissioner was appointed to hear and report the evidence and make findings of fact. The respondent and his attorney, pursuant to the directions of this court, were given fifteen (15) days from the filing of the Findings of Fact and Recommendation of the commissioner, to file with this office exceptions. No exceptions to the commissioner's report were filed. The facts are, therefore, settled.

The respondent was admitted to the practice of law in the State of Indiana, May 31, 1923.

In the Findings of Fact by the commissioner, the first specification is as follows:

1. That the said John Conner while a practicing attorney in this state has violated his obligation to his client in this, to wit: that he has not accounted for the funds which he has received from his client for the purpose of satisfying certain obligations of his client's son.

The commissioner found a preponderance of evidence to sustain this charge.

Specification 2 of the information is as follows:

2. That the said John Conner while a practicing attorney in this state has violated his obligation to his client in this, to wit: that he perpetrated a fraud upon his client by assuring his client that he would take certain actions on behalf of his client's son which actions John Conner never undertook.

The commissioner found that this charge is, in substance, based on the same evidence as contained in specification 1, and is likewise sustained by a preponderance of the evidence.

Specification 3 of the information is as follows:

3. That the said John Conner, while a practicing attorney in this state, has been guilty of dishonest acts toward his client, in this, to wit: that he borrowed money from his client, which money has not been repaid and an unsatisfied judgment is outstanding thereon.

The commissioner found that respondent, by his answer, admitted he borrowed the money from his client which is not repaid and the respondent confessed judgment and has not made restitution of the moneys to his client. There is no evidence, however, that such acts were made dishonestly. The Canon of Ethics of the American Bar Association No. 11 provides, "The lawyer should refrain from any action whereby for his personal benefit or gain he abuses or takes advantage of the confidence imposed in him by his client."

The commissioner found that this canon was unethically violated by the respondent.

Although the Canon of Ethics of the American Bar Association does not have the authority of Indiana statutes or

decisions of our courts of review, it is evidence of proper standards of conduct for the legal profession. *Tokash* v. *State* (1953), 232 Ind. 668, 116 N. E. 2d 745.

Specification 4 of the information is as follows:

4. That the said John Conner is not a fit and proper person to practice law in the State of Indiana for the reason that he has been guilty of acts of dishonesty, fraud, deceit and corrupt conduct and that he has violated his oath of admission, the Canons of Professional Ethics for the Practice of Law and is not of good moral character, all of which has herein immediately above been set out.

The commissioner found a preponderance of evidence to sustain this charge.

Finally, it is the recommendation by the commissioner that the respondent be suspended from the practice of law for a period of six (6) months, and that readmission of the respondent be conditioned on the approval of the committee on character and fitness as provided in Rule 3-12 of this court.

A review of the transcript and the report, Findings of Fact and Recommendation of the commissioner submitted to this court, together with the fact that the respondent has been admitted to this bar for more than forty-five (45) years and is over sixty-seven (67) years of age, leads us to the conclusion that the respondent should be disbarred from the practice of law in the State of Indiana. After a period of six months from the date of the order herewith, he may apply for readmission.

It is further ordered that in the event of application for readmission of the respondent to practice law, such readmission be conditioned only on the approval of the committee on character and fitness as provided in Rule 3-12 of this Court.

NOTE.—Reported in 241 N. E. 2d 360.