EARL L. MOORE *v*. KYLE WAITT, WARREN WAITT, TERRY
MILLIGAN AND RICHARD OVERDORF.

[No. 1-1272A117. Filed July 12, 1973.]

*Patrick J. Bennett,* of Indianapolis, *C. Thomas Cone,* of Greenfield, for appellant.

*William E. Shields,* of Sheridan, *George J. Lewis,* of Greenfield, for appellees.

LOWDERMILK, J.—This action was begun by the filing of a complaint by plaintiff-appellant against defendant-appellee Kyle Waitt, founded in fraud and accounting and in fraud against appellees Warren Waitt, Terry Milligan, and Richard Overdorf. At trial the complaint was amended to conform to the evidence, pursuant to Rule TR. 15, with counts of fraud, conversion, and equitable accounting against appellees Kyle Waitt, Warren Waitt, and Terry Milligan.

Trial was had to the court which made special findings of fact and the following conclusions of law and judgment thereon:

"1. That the law is with the plaintiff and against the defendant, Kyle Waitt, on Legal Paragraphs 2, 3, 4, 5 and 6 of plaintiff's complaint herein; that the defendant, Kyle Waitt, committed the tort of conversion against plaintiff and that as a direct proximate result thereof plaintiff was damaged in the amount of Six Thousand Forty-nine Dollars and Twenty-one Cents ($6,049.21) ; that plaintiff is entitled to interest thereon at the rate of 6% per year from June 1, 1969 to date, namely; One Thousand Seventy-two Dollars and Two Cents ($1,072.02) ;

2. That plaintiff has failed to meet his burden of proof on the tort of fraud against the defendant, Kyle Waitt, in Legal Paragraphs 2, 3, 4, 5 and 6 of his complaint and the law is with such defendant thereon;

3. That plaintiff has failed to meet its burden of proof on the torts of fraud and conversion against the defendant Warren Waitt in Legal Paragraphs 3 and 4 of plaintiff's complaint and that the law is with such defendant thereon; that the defendant, Warren Waitt, is not liable to plaintiff for the torts of his son, Kyle Waitt, herein;

4. That plaintiff has failed to meet its burden of proof on the torts of fraud and conversion against the defend-

ant, Terry Milligan, in Legal Paragraph 5 of the complaint herein and that the law is with such defendant thereon;

5. That plaintiff has failed to meet its burden of proof on the tort of fraud against the defendant, Richard Overdorf, on Legal Paragraph 6 of the complaint herein and that the law is with such defendant thereon;

6. That plaintiff has failed to meet its burden of proof in Legal Paragraph 1 for an accounting herein and that the law is with the defendant, Kyle Waitt, thereon.

WHEREFORE IT IS NOW ORDERED, ADJUDGED AND DECREED by the Court that plaintiff have judgment of the defendant, Kyle Waitt, in Legal Paragraphs 2, 3, 4, 5 and 6 of the complaint herein in the sum of Seven Thousand Two Hundred Twenty-one Dollars and Twenty-three Cents ($7,221.23) plus the costs of this action.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that plaintiff take nothing by way of the complaint herein against the defendants, Warren Waitt, Terry Milligan and Richard Overdorf, on Legal Paragraphs 2, 3, 4, 5 and 6 of the complaint herein; that plaintiff take nothing by way of Legal Paragraph 1 of the complaint herein against the defendant, Kyle Waitt, and that the costs thereon be taxed against plaintiff."

Plaintiff-appellant timely filed his motion to correct errors and this appeal follows the overruling of that motion.

During the winter months of 1968-1969, plaintiff-appellant Moore and defendant-appellee Kyle Waitt negotiated in regard to a custom farming operation. Kyle Waitt was 17 years old at the time and a senior in high school. Dr. Moore was an orthodonist.

Equipment was purchased and a bank account set up in Dr. Moore's name with Kyle Waitt authorized to write checks on the account. As compensation for managing this farm operation, keeping records, hiring employees, and generally running the business, Kyle Waitt was to receive $2.50 per hour. Dr. Moore was to receive the net profits of the business.

Appellee Kyle Waitt managed the business until he became ill in June of 1969, whereupon his father, appellee Warren

Waitt, finished the operation and closed out the business. During this time Kyle Waitt apparently converted $6,049.21, mostly in checks drawn on the farm account, to his own use. ISSUE I: Did the court err by allowing a former judge who had sat in the case to represent a party, thus denying the appellant a fair and impartial trial?

Appellant contends that he was denied a fair and impartial trial by the former judge appearing in the case. But, he has totally failed to prove any injury or prejudice. The case of *Tokash* v. *State* (1953), 232 Ind. 668, 115 N.E.2d 745, cited by appellant, is so dissimilar factually to this case that it can not be considered as authority.

The former Superior Court Judge who had made record in this case as such and about whom the complaint is registered had, according to the record, made certain entries in the cause while he was still judge, as follows, to-wit:

Four entries were made, of which three showed defendants' answers to interrogatories filed and an extension of time to defendants was granted as prayed; also, an order was made to defendants to answer certain interrogatories propounded to them.

Conversely, one extension of time was granted to plaintiff. One defendant, Warren Waitt, was ordered to answer interrogatories, which answers were delinquent. The court ruled on the consolidated motion of defendants to dismiss the complaint and motion to strike, which motion was overruled.

It appears to us that the entries made by the then judge were administrative in character and not judicial, except it did require judicial consideration and a judicial act for the court to rule on the defendants' joint motion to dismiss and to strike plaintiff's complaint.

After this and before any other record was made a successor judge had been named and it was the successor judge who heard the lawsuit.

No harm befell the plaintiff by the former judge accepting employment, as the one entry made by him that might have impaired plaintiff-appellant's case was in favor of plaintiff-appellant. This court cannot see where the former judge could have in any way impaired the plaintiff's case nor can we see how he could have been at a greater advantage as defense counsel.

While a former judge serving as local counsel in a case in which he had made some rulings may not be the most prudent practice, we cannot see how it was error in this case, as no prejudice was proved by appellant.

ISSUE II: Was the judgment rendered in favor of the appellant against the appellee, Kyle Waitt, inadequate according to law and the evidence introduced at trial?

Appellee attacks this issue by contending that the same was not properly raised in the motion to correct errors. However, in conformance with our policy of deciding cases on their merits, we find that the motion to correct errors is adequate to raise the issue presented.

The appellant first contends that he is entitled to recover all losses sustained as a result of the appellee's wrongs. The trial court awarded damages ($6,049.21 plus interest) in favor of appellant and against appellee, Kyle Waitt. Appellant contends that the trial court failed to take into account other damages, such as other checks written by Kyle Waitt, comingling of funds, lack of other income of Kyle Waitt, questionable activities surrounding the remodeling of Kyle Waitt's house, incomplete list of work done, and the questionable testimony of Kyle Waitt.

This issue is no more than an attempt to have this court weigh the evidence. This we cannot and will not do. *Engelbrecht* v. *Tri-State Franchisers, Inc.* (1972), 153 Ind. App. 350, 287 N.E.2d 365. When sufficiency of the evidence is raised on appeal, this court will

look only to the evidence most favorable to the appellee and all reasonable inferences to be drawn therefrom. *Phar-Crest Land Corporation* v. *Therber* (1969), 251 Ind. 674, 244 N.E. 2d 644.

An examination of the record discloses sufficient evidence to support the finding of the trial court. The allegations in appellant's brief are merely allegations and it was within the province of the trial court to consider the evidence relating to damages and we find no error in his judgment.

It is elementary that a plaintiff must prove his damages. Damages cannot be based on guesswork, innuendo, or speculation. Yet, appellant in his memorandum in support of his motion to correct errors, complained to the trial court that:

". . . [the judgment] allows the plaintiff to recover only by what he can absolutely establish . . ."

It is our opinion that the trial court would commit error if it allowed damages not proved by the evidence.

ISSUE III: Are punitive or exemplary damages proper for conversion in this case?

Appellant's statement of the issue includes fraud as well as conversion. The trial court found no fraud, making our consideration necessarily limited to the issue as stated above.

Appellant concedes in his brief that the Indiana rule in this regard is that punitive damages cannot be assessed where the wrongful act would subject the tortfeasor to civil and criminal prosecution. The rule is stated in the case of *Skufakiss* v. *Duray* (1926), 85 Ind. App. 426, 154 N.E. 289 as follows:

"On the trial, the court instructed the jury that if from the evidence they believed that defendants had committed a trespass in a wanton and wilful manner, as charged in the complaint, they would be authorized to assess punitive or exemplary damages, in addition to damages which would

compensate appellee for his loss. The giving of this instruction was error. *Taber* v. *Hutson* (1854), 5 Ind. 322, 61 Am. Dec. 96, *Humphries* v. *Johnson* (1863), 20 Ind. 190; *Wabash Printing, etc., Co.* v. *Crumrine* (1889), 123 Ind. 89, 21 N.E. 904. If appellants were guilty of a trespass, as averred in the complaint, they were guilty of a misdemeanor, for which they might have been prosecuted by the state. § 407 Criminal Code, Acts 1905 p. 584, § 2497 Burns 1926. However, a conviction by the state would have been no defense to the civil action; nor would a judgment for damages in the civil action have barred a prosecution by the state. *To permit a recovery of punitive damages in the civil action, in such a case, would open the way for the punishment of appellants twice for the same trespass.*" (Our emphasis.)

It is appellant's position that this rule is a minority view and argues that the rule should be modified to allow punitive damages where no prosecution has been undertaken or threatened. Appellant suggests that no criminal prosecution under the acts in this case will probably be instituted.

However, this court does not view the rule, stated above, as being one based on the probability of criminal prosecution, but rather on the possibility of such prosecution. Since that possibility existed at the time of the trial [e.g. IC 35-17-5-3, Burns (1972 Supp.) § 10-3030], the court properly refused to award punitive or exemplary damages.

ISSUE IV: Was appellee Warren Waitt responsible for the torts of his son, Kyle Waitt?

Appellant relies on the cases of *Repczynski* v. *Mikulak* (1931), 93 Ind. App. 491, 157 N.E. 464, and *Stewart* v. *Swartz* (1914), 57 Ind. App. 249, 106 N.E. 719. However, these cases base all liability on the parent's own acts or omissions.

"The liability rests, not upon the relation of parent and child, but upon the negligence of the parents which makes it possible for the child to cause the injury." *Repczynski* v. *Mikulak, supra,* at p. 497.

Our Supreme Court established the grounds and limitations of liability in the case of *Broadstreet* v. *Hall* (1907), 168 Ind. 192, 80 N.E. 145, as follows:

> "It is true that a father is not responsible for the torts of his child, due to the negligence or wilful act of the latter, merely because of the relation existing between parent and child. The liability of the father does not depend upon this relation, but upon the relation of principal and agent, or master and servant, and is governed by the rules applicable to such relation. Or, in other words, the law holds the father liable only on the same grounds that he would be responsible for the wrong of any other person; that is, that he directed or ratified the wrongful act of his child or accepted the benefit thereof, or that the child at the time the tort was committed was engaged in performing work or service for the father." [Citing cases.]

The trial court found that Warren Waitt did not act as the agent, employee, or servant of Kyle Waitt, or vice versa. No negligence is alleged. No proof of direction or ratification of the conversion was adduced at trial. The general rule of a father's non-liability for his son's torts is applicable in this case and the trial court properly found no such liability.

ISSUE V: Was the appellant entitled to an accounting from Kyle Waitt?

The trial court found that appellant would not be granted an accounting from Kyle Waitt. We find sufficient evidence to support the court's finding that Kyle Waitt was willing to give an accounting.

We note that appellant had a discussion with Kyle Waitt concerning the business. Appellant conducted extensive discovery connected with this cause. A list of work done by the business was in evidence at trial. Kyle Waitt testified at trial. It is our opinion that appellant has had ample opportunity to obtain all the information he wished as a result of all the preliminary proceedings

available to this case case, as well as to the trial thereof, and that no prejudice or injury resulted from the court's ruling.

COMBINED ISSUES: Did the trial court err in finding no fraud on the part of all the appellees, and no conversion on the part of appellees, Warren Waitt, Terry Milligan, and Richard Overdorf?

These issues are an attempt by the appellant to have this court weigh the evidence. In certain instances, the evidence was conflicting, but all such conflicts must be resolved in favor of the decision of the trial court. *Chicago, Indianapolis & Louisville R. Co.* v. *Carter* (1971), 149 Ind. App. 649, 274 N.E.2d 537. In other instances, appellant simply failed in his proof.

We will not attempt to inordinately lengthen this opinion by discussing each and every bit of evidence. Suffice it to say that plaintiff failed in his burden of proof as to the necessary elements of fraud, and on conversion the evidence was too vague and indefinite for the trial court to base a judgment for appellant.

Appellant failed to present any argument in his brief in regard to appellee, Richard Overdorf. Any alleged error relating to this appellee is deemed waived. Rule AP. 8.3(A)(7).

Finding no reversible error, the judgment is affirmed.

Robertson, P.J. and Lybrook, J., concur.

NOTE.—Reported at 298 N.E.2d 456.