### In the Matter of John M. O'BRIEN.

### No. 681S157.

Supreme Court of Indiana.

July 26, 1982.

J. Lloyd Fitzpatrick, Washington, for respondent.

Martha S. Hoover, Sheldon A. Breskow, Indianapolis, for the Indiana Supreme Court Disciplinary Com'n.

PER CURIAM.

This cause is now before the Court on a conditional agreement tendered by the Disciplinary Commission and the Respondent pursuant to Admission and Discipline Rule 23, Section 11(d). Upon examination of this pleading and review of the requisite affidavit filed by the Respondent in accordance with Section 17(a) of this rule, this Court now finds that the agreement should be accepted and the agreed discipline should be imposed.

Accordingly, this Court now further finds that the Respondent, a member of the Bar of this State, represented Darrell Q. Diamond in a dissolution matter filed in the Martin Circuit Court. Patsy Lou Diamond, the Respondent in the dissolution action, was not represented by counsel. The Re-

spondent in this proceeding, John M. O'Brien, prepared the Petition for Dissolution, a summons to Patsy Lou Diamond and a Property Settlement Agreement, which was entered into and signed by both parties to the dissolution. A final hearing in the matter was set for October 3, 1979, but on said date the regular judge of the Martin Circuit Court was absent. The Respondent qualified as judge *pro tempore* of the Martin Circuit Court and proceeded to hear matters scheduled for that date, including the Diamond matter. As judge *pro tempore*, the Respondent entered a dissolution decree and approved the property settlement agreement in the Diamond case. By so doing, the Respondent engaged in private employment in a matter in which he also acted in a judicial capacity and engaged in conduct which is prejudicial to the administration of justice in violation of Disciplinary Rules 9–101(A) and 1–102(A)(5) of the *Code of Professional Responsibility.* Furthermore, in his capacity as a judge *pro tempore*, the Respondent violated Canon 3(C)(1), (6) of the *Code of Judicial Conduct* by failing to disqualify himself in a matter in which he had served as a lawyer.

The misconduct present in this case should be obvious to any practitioner. It does not take a code provision to establish the rudimentary concept that it is inherently improper to act as an advocate for one party in a controversy and then serve as a decision-making authority to resolve the conflict. This type of activity not only suggests favor to the participant, but also discredits, in general, the appearance of neutrality which the judicial system must preserve to effectively resolve disputes.

In the present case it appears that the Respondent acted in accordance with the wishes of the parties. This, however, does not justify the acts of Respondent nor vitiate the obvious violation of a very basic principle of professional ethics. Our system of dispute resolution can only be harmed by acts as those found in this cause.

Under the present proceeding, this Court has carefully considered the proposed discipline and concluded that a warning is ade-

quate to meet the objective of professional discipline as administered through this Court's supervision of the Bar of this State. Accordingly, as agreed by the parties, it is ordered that, by reason of the misconduct found in this cause, the Respondent be and he hereby is reprimanded and admonished.

Costs of these proceedings are assessed against the Respondent.