Francis JARVER, Appellant,

v.

STATE of Indiana, Appellee.

No. 1184S431.

Supreme Court of Indiana.

May 14, 1986.

Richard D. Gilroy, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

A jury trial resulted in a conviction of Murder. Appellant was sentenced to fifty-five (55) years imprisonment.

On July 28, 1983, Nikki Brownie, the victim in this case, was at the home of Haskell Stone in Indianapolis. Also present were John Jarver, who also lived there, and appellant. At about 11:30 p.m., Stone was seated in the living room and Brownie was lying on the sofa with appellant seated next to her. Appellant was making sexual advances to Brownie. During this period of time, Stone told appellant to leave Brownie alone. While appellant and Brownie were still in conversation, Stone fell asleep.

Later that evening, John Jarver, who had fallen asleep in an adjoining room, awoke and observed his brother carrying an ax which had been kept in a toolbox in the kitchen. John Jarver again dozed off but awoke shortly thereafter and got up to go to the bathroom. He noticed a trail of blood on the kitchen floor. He followed the trail into the backyard where he observed the body of Brownie. He returned to the house and awakened Stone to tell him what he had discovered. He then found his brother, the appellant, asleep in a chair on the porch.

A pathologist testified that Brownie died of several blows to the head by an instrument that could have been an ax. Police Officer Murphy testified that he found a blood-covered ax on the back porch of the house. Tests showed the blood type on the ax to be the same as that of the victim.

Shortly after police arrived, John Jarver gave a statement which was recorded by the police. At the trial John Jarver was called as a State's witness; however, he was extremely reluctant to testify and claimed he could hardly remember any of the happenings of the night in question. When it became apparent that he was not going to remember what had happened, the State, over the objection of defense counsel, offered the taped statement of John Jarver in evidence. After hearing argument by both parties out of the presence of the jury, the judge admitted the recording into evidence. The jury was then returned to the courtroom and the recording was played.

■ Appellant claims the trial court erred in receiving the tape recording of John Jarver's statement into evidence. Appellant concedes that the tape was admissible as evidence to demonstrate the inconsistency between the witness's testimony at trial and his prior statement, citing *Adams v. State* (1974), 262 Ind. 220, 314 N.E.2d 53. However, appellant claims the court erred in allowing the tape recording to be played to the jury because it had never actually been admitted into evidence. The record clearly demonstrates appellant

to be in error in this regard. In the record at page 547, following argument on the question, the court stated: "Now, based upon the *Patterson* case, I am going to overrule your objection and allow the evidence in, the tape to be played."

We hold the tape was properly admitted into evidence and that there was no error in playing it for the jury.

■ Appellant claims the trial court erred when, during both direct and cross-examination of several witnesses, the court refused to allow the continuation of questioning along the line that the victim's boyfriend was more likely to have been the one who killed the victim. In each instance this line of questioning by defense counsel was based upon pure supposition with no evidence that the victim's boyfriend was in or near the house at the time the crime occurred.

Appellant's counsel was so persistent in this theory of the case that the trial judge dispatched police officers to bring in the boyfriend, Branson Johnson. Johnson did appear and testified at the trial. He admitted that at times he was jealous concerning the victim's activities and that on occasion during quarrels he had struck her; however, he denied any knowledge of the events leading to her death.

In each instance, when the trial court would stop the questioning along these lines due to lack of relevancy, appellant's counsel made no offer to prove. We see no error by the trial court in exclusion of this evidence; however, if we would assume for the sake of argument that the possibility of Johnson having committed the crime should have been placed before the jury, such in fact occurred when appellant was allowed to question Johnson in front of the jury. *See Chambers v. Mississippi* (1973), 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297.

■ Appellant claims the trial court erred in granting the jury's request to have John Jarver's prior tape recorded statement replayed after they had been deliberating for a period of time. Such procedure is authorized by Ind. Code § 34–1–21–6.

This Court has approved the court's action in ordering testimony of a law enforcement officer to be replayed to the jury. *Counceller v. State* (1984), Ind., 466 N.E.2d 456. *See also, Douglas v. State* (1982), Ind., 441 N.E.2d 957. We find no error in the replaying of the tape recording at the request of the jury.

Appellant claims the verdict was not sustained by sufficient evidence. It is true the evidence in this case is circumstantial. When the victim was last seen alive, she was lying on a couch and appellant was seated on the couch with her and was making sexual advances. Later that evening appellant's brother awakened to see appellant carrying an ax from the kitchen into the room where the victim was lying. Appellant's brother later awakened to find a trail of blood leading through the kitchen into the backyard where he discovered the victim's body. Appellant was found asleep on the front porch with blood on his hands. This Court will not reweigh the evidence or judge the credibility of the witnesses. *Brown v. State* (1981), Ind., 421 N.E.2d 629. Although circumstantial, the evidence in this case is sufficient to support the verdict of the jury.

The trial court is affirmed.

All Justices concur.