**Randy GOSNELL, Appellant (Defendant Below),**

v.

**INDIANA SOFT WATER SERVICE, INC. d/b/a Culligan Water Conditioning Appellee (Plaintiff Below).**

No. 32S01–8610–CV–869.

Supreme Court of Indiana.

Feb. 6, 1987.

Terry M. Kessinger, Kendall, Wood, Coleman, Kessinger & Stegemoller, Danville, for appellant.

Robert S. Rifkin, Maurer Rifkin & Hill, P.C., Indianapolis, for appellee.

DICKSON, Justice.

Defendant-appellant Randy Gosnell appeals from an adverse judgment for compensatory and punitive damages. In accordance with Appellate Rule 15(M) of the Indiana Rules of Procedure, the Court of Appeals ordered this cause transferred to this Court.

In June, 1984, appellant Randy Gosnell (Gosnell) obtained delivery from Indiana Soft Water Service, Inc. d/b/a Culligan Water Conditioning (Culligan) of a water softener and salt as the result of certain purchase agreements and an accompanying credit application. Culligan thereafter filed this action seeking compensatory and punitive damages, and including allegations that Gosnell made numerous material misrepresentations with the intent to deceive. Following a bench trial, the trial court awarded plaintiff compensatory damages of $711.68, expressly found "clear and conclusive" evidence of fraud on the part of Gosnell and assessed punitive damages of $10,000. In this appeal, Gosnell questions the award of punitive damages and asserts, among other issues, that punitive damages were improper because "there exists the possibility of a criminal remedy under a charge of theft for the alleged fraudulent activities of the defendant." Until the recent enactment of Ind. Code § 34–4–30–2, punitive damages were not appropriate where a defendant is or may be subject to criminal prosecution for the same act. *Taber v. Hutson* (1854), 5 Ind. 322; *Moore v. Waitt* (1973), 157 Ind.App. 1, 298 N.E.2d 456. Culligan argues that this rule was changed with the adoption of Ind. Code § 34–4–30–2, which provides:

It is not a defense to an action for punitive damages that the defendant is subject to a criminal prosecution for the act or omission that gave rise to the civil action. However, a person may not recover both:

(1) punitive damages; and

(2) the amounts provided for under section 1 of this Chapter.

This provision became effective September 1, 1984. Culligan contends that the statute is procedural and does not create or impair vested rights, and thus should be applied retroactively.

 Unless there are strong and compelling reasons, statutes will normally be given prospective application. While statutes addressing merely procedural and remedial matters may be applied retroactively, such application is not required. *State ex rel. Uzelac v. Lake Criminal Court* (1965), 247 Ind. 87, 92, 212 N.E.2d 21, 24.

 This issue was discussed in *Western Smelting & Metals, Inc. v. Slater Steel, Inc.* (N.D.Ind.1985), 621 F.Supp. 578, which viewed Ind. Code § 34–4–30–2 as creating a new right for civil plaintiffs to seek punitive damages previously not available, and therefore not to be applied retroactively. Even under Culligan's argument that the statute is merely procedural or remedial, retroactive application is the exception, and such laws are normally to be applied prospectively absent strong and compelling reasons. *State ex rel Uzelac, supra.* Such reasons are not present here, and we decline to give the statute retroactive application.

Prior to the statutory revision of the *Taber* rule, punitive damages were precluded where there is even a reasonable possibility of criminal prosecution for the alleged misconduct. *Moore v. Waitt* (1973), 157 Ind.App. 1, 298 N.E.2d 456, 460. Obtaining a credit purchase on false pretenses combined with the intent to deprive the owner of the property's use or value, may constitute theft. *Snell v. State* (1984), Ind. App., 472 N.E.2d 215; *Coburn v. State* (1984), Ind.App., 461 N.E.2d 1154; *see also,*

*Pappas v. State* (1979), 179 Ind.App. 547, 386 N.E.2d 718. Gosnell therefore was, and remains, subject to possible criminal sanctions for his actions.

Because the statute is not retroactive, and because Gosnell was, at the time of trial, subject to possible criminal sanctions, the punitive damages cannot stand. The judgment of the trial court is reversed. The cause is remanded, and the trial court is instructed to vacate the judgment for punitive damages.

GIVAN, C.J., and DeBRULER, PIVARNIK and SHEPARD, JJ., concur.