**James HENNINGS, Appellant,**

**v.**

**STATE of Indiana, Appellee.**

**No. 20S00–8803–CR–293.**

Supreme Court of Indiana.

Jan. 12, 1989.

Thomas A. Murto, Murto & Holbrook, Goshen, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant of Rape, a Class B felony, and Burglary, a Class B felony. He received two twenty (20) year sentences to be served concurrently.

The facts are: The victim lived with her two children in an apartment in Elkhart,

Indiana. On April 23, 1987, she put her children to bed and locked the doors of the apartment. She retired at 10:30 p.m. and went to sleep. Within a few minutes, she awoke to a loud noise caused by someone tripping over a childproof gate at the top of the stairway. She then saw appellant standing over her bed. A light in the bathroom allowed her to see her assailant and to describe him to police officers. After a short struggle, he overpowered her and raped her. During the course of the attack, he told the victim he had been watching her apartment to observe her coming and going.

Following the rape, appellant rolled off the bed onto the floor where he was lying when one of the victim's professors came to the apartment to deliver some materials to her. When he noticed the interior door was standing open, he entered and called the victim's name as he went up the stairway. The victim fled her room naked and asked the professor to hand her a coat, which he did. The professor and the victim then fled to a neighboring apartment where the victim telephoned the police.

In the telephone call to the police, the victim described her assailant and stated that he had been watching her. When officers arrived at the scene, they discovered appellant with a broken foot on the patio beneath the victim's bedroom window from which he had obviously jumped. Appellant testified that he and the victim had been engaging in consensual intercourse when the professor entered the home and called the victim's name.

Appellant was in possession of a set of keys, which the apartment manager testified was a missing set of master keys for the apartment complex. Appellant testified that he had found the keys near the basketball court at the apartment complex.

Appellant claims it was error to admit a tape recording of the victim's conversation with the 911 police emergency service and further that it was error to allow the tape recording into the jury room during deliberation. He claims this was error because the tape was admitted prior to the testimony of the victim and secondly that the victim's taped voice was so highly emotional that it would prejudice the jury against appellant.

He claims that any probative value the tape recording might have had was substantially outweighed by the unfair prejudice, the confusion of the issues, and the misleading of the jury. Extrajudicial statements of witnesses who testify and are subject to cross-examination are admissible as substantive evidence insofar as they are relevant. *Williams v. State* (1981), Ind., 426 N.E.2d 662; *Patterson v. State* (1975), 263 Ind. 55, 324 N.E.2d 482. Anything which throws or tends to throw light on the guilt or innocence of the defendant is relevant. Such relevant evidence is not inadmissible merely because it is prejudicial. *Smith v. State* (1984), Ind., 465 N.E.2d 702.

In the case at bar, appellant was claiming consensual intercourse. Certainly the high state of the victim's emotion and her description of her attacker immediately following the attack were relevant. The properly authenticated tape recording carried a substantial degree of reliability as to these pertinent facts. *See Jackson v. State* (1985), Ind.App., 485 N.E.2d 144; *Johnson v. State* (1985), Ind.App., 480 N.E.2d 600.

In *Winningham v. State* (1982), Ind., 432 N.E.2d 24, the defendant made the same allegations as appellant does in this case. *Winningham* involved a voluntary telephone call to 911, the police emergency number, by the defendant. The trial court admitted the recording in which the defendant announced he had just killed a man.

We would further observe that the factual content of the recording was substantially the same as that testified to by the victim during the trial. Evidence which is merely cumulative is not prejudicial and is therefore harmless. Even if we would assume for the sake of argument that the admission was erroneous, the admission of such evidence does not constitute reversible error. *Johnson v. State* (1985), Ind., 472 N.E.2d 892; *Connell v. State* (1984), Ind., 470 N.E.2d 701.

Appellant also claims the jury placed undue emphasis on the tape recording during deliberations. We would first point out that appellant made no objection when the court permitted the jury to take the evidence, including the tape, into the jury room for their deliberations. However, appellant claims to allow the tape to go to the jury constituted fundamental error thus transcending the procedural requirement that he object, citing *Moore v. State* (1982), Ind., 440 N.E.2d 1092.

Appellant claims that inasmuch as the jury deliberated for three hours this Court should presume that they played the tape. However, there is no evidence in this record that the jury actually did play the tape recording during their deliberations. Even had the court not sent the tape to the jury room, if the jury had requested that it be replayed, it would not have been error for the court to comply. *Jarver v. State* (1986), Ind., 492 N.E.2d 285. It is not reversible error for a court to send exhibits to the jury room. *Jackson v. State* (1980), 274 Ind. 297, 411 N.E.2d 609; *Sanders v. State* (1976), 264 Ind. 688, 348 N.E.2d 642.

Appellant cites *Shaffer v. State* (1983), Ind., 449 N.E.2d 1074. In that case, the court permitted the playing of a three and one-half hour tape to the jury. This Court held that such a lengthy audition took the trial away from the jury and instead focused the jury's attention on the tape. The case at bar is clearly distinguishable from *Shaffer*. Here, the tape was short and constituted only a small portion of the evidence against appellant.

The trial court did not err in admitting the tape into evidence and submitting it together with the other evidence to the jury for its deliberation.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER and PIVARNIK, JJ., concur.

DICKSON, J., concurs in result without separate opinion.