**Elaine H. SACK, Appellant–Claimant**

**v.**

**ESTATE of Calvin K. HUBBELL, Appellee–Defendant.**

**No. 64A03–9209–CV–273.**

Court of Appeals of Indiana, Third District.

May 26, 1993.

George Glendening, Hammond, for appellant-claimant.

Richard J. Rupcich, Blachly, Tabor, Bozik & Hartman, Valparaiso, for appellee-defendant.

GARRARD, Judge.

This is an appeal from an order of the trial court dismissing a complaint filed against the estate of Calvin Hubbell. We affirm.

At the time of his death, Calvin H. Hubbell (Hubbell) was the attorney for Elaine Sack (Sack). At Hubbell's death, Sack owed $1,031.25 to Hubbell for legal services performed for her prior to his death. Sack was notified of this debt by Hubbell's estate on December 7, 1989, and was asked to promptly remit the balance due. Instead of paying the balance, however, Sack filed a claim against the estate for $14,000.00 claiming breach of contract, failure to file contempt charges in a timely fashion, and misrepresentation of fees. Sack's claim was filed on March 6, 1990, over five months after the first published notice to creditors.[1] The estate, on March 1, 1991, moved to dismiss the claim based upon IC 29-1-14-1(a)(1) which bars all claims against a decedent's estate unless they are filed within five months after the first published notice to creditors. The motion was granted on May 27, 1992.

Both parties agree that IC 29-1-14-1(a)(1) governs this case. They disagree, however, on whether an amendment to the statute, effective July 1, 1990, should apply retroactively to Sack's March 6, 1990 claim. IC 29-1-14-1(a)(1), prior to July 1, 1990, read as follows:

> All claims against a decedent's estate, other than expenses of administration and claims of the United States, and of the state and any subdivision thereof, whether due or to become due, absolute or contingent, shall be forever barred against the estate, the personal representative, the heirs, the devisees and legatees of the decedent, unless filed with the court in which such estate is being administered within five (5) months after the date of the first published notice to creditors.

This section clearly bars Sack's claim. Effective July 1, 1990, IC 29-1-14-1(a)(1) reads:

> *Except as provided in IC 29-1-7-7,* all claims against a decedent's estate, other than expenses of administration and claims of the United State, the state, or a subdivision of the state, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract or otherwise, shall be forever barred against the estate, the personal representative, the heirs, devisees, and legatees of the decedent, unless filed with the court in which such estate is being administered within: (1) five (5) months after the date of the first published notice to creditors.

IC 29-1-7-7 provides certain notice requirements and provisions that Sack asserts prevent dismissal in this case.[2]

As a general rule, statutes will normally be given prospective application unless there are strong and compelling reasons to do otherwise. *Gosnell v. Indiana Soft Water Service* (1987), Ind., 503 N.E.2d 879, 880. While statutes addressing merely procedural and remedial matters may be

---

1. The first published notice to creditors was given on September 28, 1989 in the *Vidette-Messenger,* a newspaper of general circulation in Valparaiso and Porter County. A second notice was published a week later on October 5, 1989 in the same paper.

2. Sack asserts that she is a creditor within the provisions of IC 29-1-7-7(d) and was therefore

entitled to actual notice. We note that as of February 28, 1990, when the five month period under IC 29-1-14-1 ended, the estate had no notice that Sack intended to make a claim against the estate. At that time she was a *debtor* of the estate and not a creditor. No notice under subsection (d) was therefore owed to Sack.

applied retroactively, such application is not required. *Id.* Retroactive application is the exception for even remedial laws and such statutes will not be applied retroactively without strong and compelling reasons. *Id.; Turner v. Town of Speedway* (1988), Ind.App., 528 N.E.2d 858, 863.

Sack has presented no reasons, compelling or otherwise, that demonstrate the need for retroactive application in this instance. We therefore decline Sack's invitation to give the statute retroactive application in this case. Sack made her claim against the estate on March 6, 1990 and the five month period under IC 29–1–14–1 ended on February 28, 1990. The trial court did not err in dismissing Sack's claim.

STATON and NAJAM, JJ., concur.