James **HENNINGS**, Appellant–Petitioner,

v.

**STATE** of Indiana, Appellee–Respondent.

No. 20A03–9310–PC–00343.

Court of Appeals of Indiana, Third District.

Aug. 8, 1994.

Transfer Denied Oct. 4, 1994.

James Hennings, pro se.

Pamela Carter, Atty. Gen., Joseph F. Pieters, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Appellant-petitioner James Hennings appeals a ruling denying his petition for post-conviction relief.

The facts pertinent to review disclose that a trial by jury resulted in Hennings' conviction for rape, a Class B felony, and burglary, a Class B felony. Hennings' convictions were affirmed on direct appeal. *Hennings v. State* (1989), Ind., 532 N.E.2d 614, 616.

Prior to trial, the State sought and was granted an order to produce bodily substances. At the hearing on September 10, 1987, the Judge *Pro Tempore* Thomas Murto told Hennings, "Your attorney has spoken on this motion by telephone just a few minutes ago and this request for bodily substance samples is to be granted."

After his arrest, Hennings gave statements to police. Later at trial, he testified in substantial conformity with his statements. He indicated that he knew the victim, that he and the victim engaged in consensual intercourse, and that he found the master keys to the victim's apartment complex near the basketball court.

After Hennings' convictions on the above counts, trial counsel filed a motion to correct errors. Both errors raised in the motion concerned the admission of the victim's taped conversation with the 911 police emergency service. Thomas Murto was appointed to perfect an appeal on behalf of Hennings. In the direct appeal, the issues regarding the taped conversation were raised. As noted above, Hennings' convictions were affirmed on appeal.

In April 1992, Hennings filed his *pro se* petition for post-conviction relief. A hearing was held in April 1993. At the request of Hennings, findings of fact and conclusions of law were issued on June 21, 1993, wherein his petition was denied. This appeal ensued.

As restated, Hennings raises four issues for review:

(1) whether a conflict of interest arose when the attorney who acted as judge *pro tempore* in Hennings' case then acted as Hennings' appellate counsel;

(2) whether the judge *pro tempore* erred in ordering production of bodily substances;

(3) whether trial counsel and appellate counsel were ineffective; and

(4) whether the prosecutor engaged in prosecutorial misconduct.

First, Hennings contends that a conflict of interest arose when the Judge *Pro Tempore*, Thomas Murto, who ruled on the State's motion for production of bodily sub-

stances, then acted as Hennings' appellate counsel. In *Tokash v. State* (1953), 232 Ind. 668, 115 N.E.2d 745, the court stated:

> "It is fundamental that one who has been an attorney for a litigant should not thereafter act as judge in any part of the same controversy. The converse is also true, and '[a] lawyer should not accept employment as an advocate in any matter upon the merits of which he has previously acted in a judicial capacity.'"

*Id.* 232 Ind. at 670, 115 N.E.2d at 746.

In *Matter of O'Brien* (1982), Ind., 437 N.E.2d 972, the court reviewed a case in which an attorney acted as an advocate then qualified and acted as judge *pro tempore* in the cause. The court noted:

> "It does not take a code provision to establish the rudimentary concept that it is inherently improper to act as an advocate for one party in a controversy and then serve as a decision-making authority to resolve the conflict."

*Id.* at 973.

■ Further, when such a conflict arises, a party need not demonstrate actual prejudice in a challenge to the propriety of the proceedings.

> *Cf. Hammond v. State* (1992), Ind. App., 594 N.E.2d 509, 514 (if attorney represents party in action then participates as judge in same action, defendant need not demonstrate actual prejudice);
>
> *Calvert v. State* (1986), Ind.App., 498 N.E.2d 105, 107, *quoting State ex rel. Wright v. Morgan County Court* (1983), Ind., 451 N.E.2d 316, 317 ("there is no dispute that a judge may not sit in a case where he had a role as an attorney for one of the parties").

Thus, even though it is true that the motion to correct errors filed by trial counsel, who was not the judge *pro tempore*, listed only the two alleged errors actually raised on direct appeal, Hennings and the judicial system are not well-served by allowing a decision-making authority to then act as an advocate for a party. Clearly there is no incentive for the attorney formerly acting as decision-maker to question the propriety of his rulings on appeal once he has assumed the

role of advocate. Suffice it to say, the conflict arose at the time the judge *pro tempore* accepted the appointment to act as appellate counsel.

While Hennings is not required to demonstrate actual prejudice, unlike the situation where a judge *pro tempore* acts in a perfunctory capacity, *see Brown v. State* (1979), 270 Ind. 399, 403, 385 N.E.2d 1148, 1151; *Richard v. State* (1978), 269 Ind. 607, 382 N.E.2d 899, 902, in the present case appellate counsel acting as judge *pro tempore* ruled on the very motion of which Hennings now complains. Consequently, were harmless error ever to exist, it would not be so in the instant case.

■ Because the conflict occurred after the trial, Hennings is not entitled to reversal of the conviction. In the present case, the appropriate remedy is to review the errors raised by Hennings in post-conviction proceedings, as if on direct appeal. *See McBride v. State* (1992), Ind.App., 595 N.E.2d 260, 262 (post-conviction process not substitute for direct appeal; intended for raising issues not known or for some reason not available to defendant on direct appeal).

■ Hennings' issues raised in post-conviction proceedings relate solely to the order requiring production of bodily substances and competency of counsel regarding the order. Paradoxically, review of the record and transcript of Hennings' trial does not reveal that the order was acted upon. Further, review of the record and transcript discloses that no evidence of bodily substances, if any exists, was entered into evidence at the trial. This is undoubtedly due to Hennings' contention and testimony at trial that he had consensual intercourse with the victim thereby obviating the necessity to present identification evidence. Thus while seemingly taking away with one hand what has been extended by the other, this Court has not been presented with an issue which is reviewable. The issues raised by Hennings in post-conviction proceedings have no bearing on his trial and no relief could be awarded. *Cf. Roark v. Roark* (1990), Ind.App., 551 N.E.2d 865, 867 (reviewing court decides only real controversies or questions and may not hear

moot question upon which it is unable to render effective relief).

Under the circumstances, the post-conviction court's determination is affirmed.

Affirmed.

GARRARD and CHEZEM, JJ., concur.