Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 27 2014, 9:38 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DAVID M. PAYNE**
Ryan & Payne
Marion, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANNA MARIE KELLEY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 27A05-1307-CR-333 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE GRANT SUPERIOR COURT
The Honorable Dana J. Kenworthy, Judge
Cause No. 27D02-1208-FD-178

February 27, 2014

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

The appellant-defendant Anna Marie Kelley sought to bring in evidence of potential civil remedies during her jury trial for Auto Theft,[1] a class D felony. More specifically, Kelley contends that the trial court erred by precluding her counsel during closing argument from discussing the possibility that the victim might have a civil cause of action against her. The trial court determined that the availability of a civil remedy is not relevant because this is a criminal case, and the probative value—if any—that might be present in discussing the possibility that the victim might have a civil cause of action against Kelley is substantially outweighed by the danger of undue prejudice, confusion of the issues, and misleading the jury.

We agree that the trial court properly prevented Kelley's counsel from engaging in such a discussion. In addition, such a comment could erroneously suggest to the jury that a civil suit might serve as a substitute penalty for committing a criminal offense. As a result, Kelley's argument fails, and we affirm the trial court's ruling and Kelley's conviction and sentence.

## FACTS

On October 1, 2010, Kelley and her boyfriend, Shannon Johnson, entered into a contract to rent and potentially purchase a residence on East 200 in Marion. In accordance with the agreement, Kelley and Johnson made a $2000 down payment on the house. During June or July of 2011, Johnson's business associate, Kenneth Riddle,

---

[1] Ind. Code § 35-43-4-2.5.

2

brought two vehicles and vehicle parts to the residence with the intent that Johnson would work on the vehicles with Riddle. Johnson had previously helped Riddle fix salvaged cars for resale. Johnson and Riddle completed some of the work on the vehicles during the fall of 2011, but decided to wait until the spring of 2012 to paint them.

Around November 2011, Kelley's relationship with Johnson ended and she moved out of the residence. Johnson continued living in the residence until the beginning of March 2012. In late February 2012, while Johnson was in the process of moving out of the residence, he arrived one day to find that two doors of the house had been kicked open and that Riddle's vehicles were gone. Johnson called Kelley hoping to find out where the vehicles were, and Kelley informed Johnson that Riddle had picked them up.

Approximately three months later, Riddle contacted Johnson in search of the vehicles. Riddle subsequently learned that Kelley had sold the cars for scrap metal on February 29, 2012, for $100 each. According to the buyer, Kelley claimed that her boyfriend had moved out and left the vehicles, which she wanted removed from the property by the first of the month because she was ending her lease. When Johnson again confronted Kelley and told her that Riddle had a copy of the bill of sale, Kelley admitted to Johnson that she had sold the cars. Kelley later contacted Riddle and offered to "settle out of court." Tr. p. 68.

On August 24, 2012, the State charged Kelley with theft. Prior to trial, the State filed a motion in limine seeking to exclude evidence and attorney statements regarding, in part, Kelley's "potential punishment of sentence." Appellant's App. p. 41. Kelley

3

argued in her response that she should not be prevented from presenting the "argument . . . that the alleged victim could pursue his own action as a civil matter." Appellant's App. p. 43, 49-53.

In an order in limine and again at trial, the trial court denied Kelley's request to present evidence or argument regarding civil remedies. It was determined that "the availability of a civil remedy is not relevant to the issue in this case" and any "miniscule probative value . . . is substantially outweighed by the danger of undue prejudice, confusion of the issues, and misleading the jury." Id. at 55. The trial court also found during trial that Riddle's testimony that Kelley offered to settle out of court did not open the door to evidence regarding civil remedies.

At trial, Kelley testified that she sold the cars only after trying to contact Riddle and after asking Johnson to attempt to contact Riddle. Kelley claimed that she wanted to clean up the property in hopes of receiving the deposit money and claimed that she spent nearly three days cleaning. Johnson testified that Kelley never cleaned the property. Riddle also testified and denied Kelley's claim that she had left him a voicemail about the vehicles.

Following a jury trial on June 4, 2013, Kelley was found guilty as charged. She was subsequently sentenced to two years in the Indiana Department of Correction (DOC) with time served. Kelley was also placed on probation and ordered to pay $3170.96 in restitution. She now appeals.

4

<u>DISCUSSION AND DECISION</u>

Kelley argues that her conviction must be set aside because the trial court erred in denying her request to allow her counsel during closing argument to discuss the possibility of Riddle pursuing a civil remedy against her. Specifically, Kelley maintains that the jury should have been informed that Riddle could file his own civil suit for any losses that he sustained. Kelley maintains that the trial court "unduly interfered with her right to [present] legal argument." Appellant's Br. p. 14.

In general, the proper scope of final argument is within the trial court's sound discretion. <u>Roose v. State</u>, 449 N.E.2d 594, 597 (Ind. 1983). We will not find that a trial court abused its discretion unless its decision is clearly against the logic and effect of the facts and circumstances before it. <u>Walls v. State</u>, 993 N.E.2d 262, 269 (Ind. Ct. App. 2013), <u>trans.denied</u>. In seeking reversal of a conviction, it is incumbent on the appellant to establish not only the trial court's abuse of discretion but also any resulting prejudice to his or her rights. <u>Id.</u>

This Court has observed that the possibility of a civil action has little relevance to a criminal proceeding. <u>Moore v. Waitt</u>, 157 Ind.App. 1, 298 N.E.2d 456, 460 (1973). In <u>Moore</u>, it was determined that "a conviction by the state would have been no defense to the civil action nor would a judgment for damages in the civil action have barred a prosecution by the state." <u>Id.</u>; <u>see also</u> <u>Nat'l Educ. Ass'n—South Bend v. South Bend Comty. School Corp.</u>, 655 N.E.2d 516, 522 (Ind. Ct. App. 1995). Also, in criminal cases,

juries have the task of determining "guilt and innocence" and are "not meant to act as a legislature for a single event by prescribing the penalties the juries deem appropriate for the defendant appearing before them." Walls, 993 N.E.2d at 269.

In our view, the trial court in this case properly observed that argument regarding a possible civil remedy would have been irrelevant to the jury's determination as to whether or not Kelley committed the crime of theft and whether the State had proven all elements of the offense. The jury also could have easily been misled and confused by Kelley's implication or suggestion that a civil suit could be a substitute penalty, inasmuch as civil proceedings substantially differ from criminal proceedings. More specifically, all criminal prosecutions "are brought in the name of the State, by the filing of a pleading by the prosecuting attorney." Kelsie v. State, 265 Ind. 363, 375, 354 N.E.2d 219, 227 (1976); Ind. Code § 35-34-1-1(a). A civil lawsuit is brought to address individual harms. Thus, based on the inherent differences in criminal and civil proceedings, the trial court's order properly protected the jury from being misled or confused. By analogy, in Sigo v. Prudential Property and Casualty Insurance Company, 946 N.E.2d 1248, 1253 (Ind. Ct. App. 2011), it was pointed out that in at least one case, Galbraith v. Hartford Fire Ins. Co., it was reversible error to admit evidence that the insured homeowner, who sought recovery under a fire policy, had not been prosecuted for arson. It was held that such evidence was "inadmissible and in the circumstances of this case highly prejudicial to the issue of whether or not [the insured] had in fact committed arson." 464 F.2d 225, 227 (3d Cir. 1972).

Contrary to Kelley's contentions, the nature of restitution differs from civil damages. For instance, an award of restitution is left to the trial court's discretion and is limited to actual damages that are enumerated in the restitution statute. Ind. Code § 35-50-5-3. In contrast, a suit for conversion can be brought regardless of whether a conviction for theft has occurred and can support a judgment for treble damages, costs, and attorney fees. Ind. Code § 34-24-3-1.

Kelley is also not able to show that she was unduly prejudiced by the trial court's ruling. There is no evidence indicating that the jury believed that a conviction was necessary to make Riddle whole. Also, even though the possibility of restitution might constitute evidence of possible bias, restitution is neither presumed nor required in criminal proceedings. Ind. Code § 35-50-5-3. In fact, the jury was not even informed of the possibility of restitution in light of Kelley's own motion in limine. Appellant's App. p. 58.

Finally, we disagree with Kelley's contention that the State opened the door to arguments regarding the possibility of a civil suit when testimony was elicited that Kelley offered to "settle out of court." Tr. p. 68. Indeed, otherwise inadmissible evidence may become admissible if a party "opens the door" through evidence or argument that leaves the jury with a false or misleading impression of the facts related. Jackson v. State 728 N.E.2d 147, 152 (Ind. 2000). Kelley's extra-judicial offer of settlement did not open the door because it did not mislead the jury regarding either the possibility of restitution or the availability of civil remedies. Tr. p. 60. Instead, it is apparent that the evidence was

7

properly admitted as probative of Kelley's guilt. Thus, Kelley has not shown that the trial court erred in excluding her argument regarding the possibility that a civil remedy was available to Riddle.

The judgment of the trial court is affirmed.

NAJAM, J., and CRONE, J., concur.